IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cr-40045-SMY |
| | ) |
| LEWIS D. HIGGINS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Lewis D. Higgins was sentenced on June 18, 2019, to 168 months' imprisonment for conspiracy to distribute methamphetamine (Count 1) (Doc. 58, 62). Higgins filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 115).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have

been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Higgins's total offense level at sentencing was 37 and his criminal history category was III, which yielded a Guidelines sentencing range of 262 to 327 months' imprisonment. The Court varied from the guideline range and sentenced Higgins to 168 months. Under Amendment 821, Higgin's new criminal history category is II and Guideline sentencing range is 235 to 293. Given that Higgins received a sentence below his new Guideline sentence range, he is not eligible for a sentence reduction. Accordingly, the motion to reduce pursuant to Amendment 821 (Doc. 115) is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 4, 2024

*[signature]*

**STACI M. YANDLE**
**United States District Judge**